DILLARD, Judge,
concurring fully and specially.
I agree with the majority’s conclusion that Day was not entitled to the procedural rights and remedies afforded by the Fair Dismissal Act,[8] and I fully concur with the reasoning and analysis underlying that holding. Nevertheless, I write separately to express my disagreement with the inclusion of footnote 6 in the majority opinion. In that footnote, the majority discusses what we might have considered in ascertaining the General Assembly’s “intent” if we had found an ambiguity in OCGA § 20-2-2065 (b). But because we expressly hold that this statutory provision is not ambiguous, such a discussion is mere dicta and entirely irrelevant to our holding.[9]
*151 Decided July 14, 2015
Williams Oinonen, Mario B. Wiliams, Julie J. Oinonen, for appellant.
Brinson, Askew, Berry, Seigler, Richardson & Davis, C. King Askew, I. Stewart Duggan, Samuel L. Lucas, Lee B. Carter, for appellee.
John F. Beasley, Jr.; Harben, Hartley & Hawkins, Phillip L. Hartley, amici curiae.
Moreover, footnote 6 of the majority opinion relies on the legislative history of Title 20 of the Official Code of Georgia, such as the floor debates and proposed legislation that never passed. Suffice it to say, I do not consider extratextual sources of this nature in interpreting statutes. As Justice Antonin Scalia has aptly noted, “legislative history [is] the equivalent of entering a crowded cocktail party and looking over the heads of the guests for one’s friends.”[10] Thus, while I completely understand the majority’s desire to reference legislative history in the case sub judice for contextual reasons, I wish to make it abundantly clear that I categorically reject relying on legislative history in interpreting the statutes passed by our General Assembly. Indeed, like Justice Scalia (and many other textualists), I am of the view that the “greatest defect of legislative history is its illegitimacy.”* [11] As Georgians (and Americans), we are “governed by laws, not by the intentions of legislators.”[12] And as judges, we should only be concerned with what laws actually say,[13] “not by what the people who drafted the laws intended.”[14]
That having been said, I commend the majority for its thoughtful and well-reasoned opinion, and I fully concur in same.

 See OCGA § 20-2-940 et seq.

 See McLeod v. Clements, 297 Ga. 371 (774 SE2d 102) (2015) (explaining that statements and comments in an opinion concerning a legal proposition not necessarily involved with nor essential to the determination of an appeal are dicta and lack the force of an adjudication); Little v. Fleet Finance, 224 Ga. App. 498, 504 (481 SE2d 552) (1997) (same).

 Conroy v. Aniskoff, 507 U. S. 511, 519 (113 SCt 1562, 123 LE2d 229) (1993) (Scalia, J., concurring).

 Id.

 Id.

 See Deal v. Coleman, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (“To that end, we must afford the statutory text its plain and ordinary meaning.” (punctuation omitted)); State v. Able, 321 Ga. App. 632, 636 (742 SE2d 149) (2013) (“A judge is charged with interpreting the law in accordance with the original and/or plain meaning of the text at issue (and all that the text fairly implies)....”); Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 16 (1st ed. 2012) (“Textualism, in its purest form, begins and ends with what the text says and fairly implies.”).

 Scalia & Garner, supra note 6, at 375.